# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN M. HARRINGTON III,<br><br>   Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2006 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC3, and PHH MORTGAGE SERVICES,<br><br>   Defendants. | C.A. NO. 1:20-cv-10932 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement dated as of April 1, 2006 Morgan Stanley ABS Capital I Inc. Trust 2006-NC3 Mortgage Pass-Through Certificates Series 2006-NC3 ("Deutsche Bank as Trustee") and PHH Mortgage Corporation (named and doing business as "PHH Mortgage Services") ("PHH," together, "Defendants"), hereby remove to this Court the above-captioned action from the Massachusetts Superior Court, Middlesex County, based upon the following supporting grounds:

  1. On or about March 5, 2020, Plaintiff, John M. Harrington III ("Plaintiff") commenced an action in the Massachusetts Superior Court, Middlesex County, under Civil Action Number 2081CV000626 by filing a Complaint against Defendants. A copy of the Plaintiff's Complaint is attached hereto as **Exhibit 1**.

2. Pursuant to 28 U.S.C. § 1446(b), removal of the action to this Court from Massachusetts Superior Court is timely as it filed within thirty (30) days of service on Defendants, whose counsel accepted service of the Complaint on their behalf on April 30, 2020.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the dispute is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a)(1). Sufficient grounds exist for removal of the action to this Court from the Massachusetts Superior Court, Middlesex County.

**A.    This Court Has Diversity Jurisdiction Over This Action**

4. The United States District Court for the District of Massachusetts has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship and amount in controversy.

5. First, there is complete diversity of citizenship under 28 U.S.C. § 1332(a). According to his Complaint, Plaintiff is an individual residing at 5 Sheffield West, Winchester, Massachusetts. *See* Exhibit 1, ¶ 1. Plaintiff is, therefore, a citizen of Massachusetts.

6. Deutsche Bank as Trustee is a national banking association with its main office designated in its Articles of Association in Los Angeles, California. *See* Office of the Comptroller of the Currency, U.S. Department of Treasury, National Banks & Federal Savings Associations list, List of National Banks & Federal Branches and Agencies, https://www.occ.treas.gov/topics/licensing/national-banks-fed-savings-assoc-lists/index-active-bank-lists.html (last visited May 14, 2020); Exhibit 1, ¶ 2. Therefore, Deutsche Bank as Trustee is a citizen of California for the purposes of determining diversity jurisdiction. *See* 28 U.S.C. §§ 1332(c) and 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (stating that a national bank is a citizen of the State designated in its articles of association as its main office).

7. PHH is a corporation organized under the laws of the state of New Jersey, with its principal place of business in New Jersey. *See* Exhibit 1, ¶ 3. Therefore, under 28 U.S.C. § 1332(c)(1), PHH is a citizen of New Jersey for diversity purposes.

8. Second, the amount in controversy exceeds $75,000.00. In his Complaint, Plaintiff requests that the court issue a declaratory judgment, enjoin a foreclosure of the property known as 5 Sheffield West, Winchester, Massachusetts (the "Property"), and find that Defendants committed "unfair and deceptive acts" in violation of M.G.L. c. 93A, relative to attempts to conduct a foreclosure sale of the Property. *See* Exhibit 1, pp. 9-10.

9. In support of his request, Plaintiff's Complaint contains allegations regarding a mortgage loan encumbering the Property, and attaches a copy of the purported mortgage (the "Mortgage"), recorded with the Southern Middlesex Registry of Deeds on December 5, 2005, at Book 46607, Page 51. *See* Exhibit 1, Ex. A.

10. Deutsche Bank as Trustee holds the Mortgage, which was executed by Plaintiff and Marta P. Harrington in favor of Homevest Mortgage Corporation, in the original principal amount of $580,000.00. The Mortgage was assigned to Deutsche Bank as Trustee pursuant to an Assignment of Mortgage ("Assignment") dated December 12, 2005. The Assignment was recorded with the Registry on December 2, 2010, at Book 55963, Page 502. *See* **Exhibit 2**.

11. PHH is the servicer for the mortgage loan. *See* Exhibit 1, ¶ 7.

12. As the Complaint does not indicate what actual monetary damages it seeks, but specifically seeks injunctive relief, Deutsche Bank as Trustee may state the amount in controversy on removal for jurisdictional purposes. *See* 28 U.S.C. § 1446(c)(2) (stating that the notice of removal may state the amount in controversy if the initial pleading seeks nonmonetary relief).

13. The Mortgage loan at issue in the Plaintiff's Complaint has an original principal balance of $580,000.00, which can be the basis of the amount in controversy for diversity jurisdiction purposes. *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 211-12 (1st Cir. 2012) (holding that loan amount constitutes amount in controversy in cases where complaint seeks to invalidate a loan secured by mortgage or enjoin foreclosure); *McLarnon v. Deutsche Bank National Trust Company*, C.A. 15-11799-FDS, 2015 WL 420127, at *3 (D. Mass. July 10, 2015) (holding that amount in controversy can be determined by the face value of the loan in question); *Larace v. Wells Fargo Bank, N.A.*, 972 F. Supp. 2d. 147, 151 (D. Mass. 2013) ("[I]t is reasonable to designate the amount in controversy as the value of the mortgage, since Plaintiffs' petition does not specify a damage amount and Defendants' mortgage interest would be extinguished if Plaintiffs were ultimately successful.").

14. Additionally, the value of the Property itself exceeds $75,000.00. The assessed value of the Property is $1,614,900, as set forth in the Property Card obtained from the Town of Winchester, attached hereto as **Exhibit 3**. *See Morse v. Residential Credit Solutions, Inc.*, CIV.A. 11-12275-RWZ, 2012 WL 458492, at *1 (D. Mass. Feb. 13, 2013) ("In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction."). The amount in controversy, therefore, exceeds $75,000.00, exclusive of interest and costs.

15. Accordingly, this Court has jurisdiction over this action based upon diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**B.** **Removal of the Action to This Court is Proper**

16. 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading …." 28 U.S.C. § 1446(b). The action was commenced

in the Massachusetts Superior Court, Middlesex County, on March 5, 2020. Defendants accepted service of the Complaint on April 30, 2020. Removal of this action from the Massachusetts Superior Court is timely as this notice is being filed within thirty days of the filing and service of the Complaint.

17. Additionally, venue properly lies in the District of Massachusetts because Plaintiff's claims arise out of the Mortgage encumbering the Property located in Winchester, Massachusetts, and Plaintiff commenced this action in Middlesex County, Massachusetts.

18. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiff following the filing of this Notice of Removal.

19. Certified or attested copies of all records and proceedings before the Massachusetts Superior Court, Middlesex County, will be filed with this Court within 28 days in accordance with LR 81.1.

20. In submitting this Notice of Removal, Defendants reserve all defenses.

**WHEREFORE**, Defendants, Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement dated as of April 1, 2006 Morgan Stanley ABS Capital I Inc. Trust 2006-NC3 Mortgage Pass-Through Certificates Series 2006-NC3, and PHH Mortgage Corporation, hereby remove this action from Massachusetts Superior Court, Middlesex County, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

Attorneys for Defendants,
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2006 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC3 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-NC3, and PHH MORTGAGE CORPORATION (d/b/a and named as PHH Mortgage Services),

By: Their Attorneys

*/s/ Jordan S. O'Donnell*
Maura K. McKelvey, BBO #600760
Jordan S. O'Donnell, BBO #684001
HINSHAW & CULBERTSON LLP
53 State Street
27th Floor
Boston, MA 02109
Tel: 617-213-7000
Fax: 617-213-7001
mmckelvey@hinshawlaw.com
jodonnell@hinshawlaw.com

Dated: May 15, 2020

## **CERTIFICATE OF SERVICE**

      I, Jordan S. O'Donnell, hereby certify that on this 15th day of May 2020, I served a true and accurate copy of the foregoing document to counsel of record by overnight mail as follows:

Lucas B. McArdle, Esq.
Michael M. McArdle, Esq.
Jason McGuire, Esq.
McArdle Law & Associates, PLLC
280 Merrimack Street, Suite 321
Lawrence, MA 01843

                                            */s/ Jordan S. O'Donnell*
                                              Jordan S. O'Donnell