# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN M. HARRINGTON III,<br><br>      Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2006 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC3, and PHH MORTGAGE SERVICES,<br><br>      Defendants. | C.A. NO. 1:20-cv-10932-WGY |

## DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

Defendants, Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement dated as of April 1, 2006 Morgan Stanley ABS Capital I Inc. Trust 2006-NC3 Mortgage Pass-Through Certificates Series 2006-NC3 ("Deutsche Bank as Trustee") and PHH Mortgage Corporation (named and doing business as "PHH Mortgage Services") ("PHH," together, "Defendants"), respond to Plaintiff, John M. Harrington III's ("Plaintiff") Complaint as follows:

## INTRODUCTION

To the extent Plaintiff's "Introduction" contains statements and conclusions of law, relates to Plaintiff's expired claims for temporary injunctive relief, or constitutes a summary of Plaintiff's allegations and requests for relief, no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in the "Introduction" are denied.

## PRELIMINARY STATEMENT

To the extent Plaintiff's "Preliminary Statement" contains statements and conclusions of law, relates to Plaintiff's expired claims for temporary injunctive relief, or constitutes a summary of Plaintiff's requests for relief, no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in the "Preliminary Statement" are denied.

## PARTIES

1. Defendants are without sufficient information to admit or deny the allegations in Paragraph 1.

2. Denied. Further responding, Deutsche Bank as Trustee is a national banking association.

3. Admitted.

## JURISDICTION

4. The allegations in Paragraph 4 constitute a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied because the matter has been removed to this court.

5. The allegations in Paragraph 5 constitute a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied because the matter has been removed to this court.

## FACTUAL BACKGROUND

6. The allegations in Paragraph 6 refer to a written document, which speaks for itself. To the extent a further response is required, Defendants deny all allegations contained in Exhibit B to the Complaint.

7. Paragraph 7 constitutes a statement of intent, and no response is required. To the extent a response is required, denied.

8. Denied.

9. To the extent Paragraph 9 refers to a non-party, no response is required. To the extent the allegations pertain to PHH, they are denied.

10. Defendants are without sufficient information to admit or deny what HIS did or did not do. The remaining allegations in Paragraph 10 are denied.

11. The allegations in Paragraph 11 refer to written documents, which speak for themselves. The remaining allegations in Paragraph 11 are denied.

12. The allegations in Paragraph 12 refer to a written document, which speaks for itself. The remaining allegations in Paragraph 12 are denied.

13. Defendants are without sufficient information to admit or deny the allegations in Paragraph 13.

14. The allegations in Paragraph 14 refer to a written document, which speaks for itself. The remaining allegations in Paragraph 14 are denied.

15. The allegations in Paragraph 15 refer to a written document, which speaks for itself. To the extent the allegations refer to a non-party, Defendants are without sufficient information to admit or deny the allegations in Paragraph 15. The remaining allegations in Paragraph 15 are denied.

16. The allegations in Paragraph 16 refer to written documents, which speak for themselves. The remaining allegations in Paragraph 16 are denied.

1030301\305991470.v1

17. Admitted that PHH responded to the purported Notice of Error by providing Plaintiff and/or his representatives with responsive documents. Defendants are without sufficient information to admit or deny what Plaintiff alleges were received.

18. Defendants are without sufficient information to admit or deny the allegations in Paragraph 18, which relate to Plaintiff and his representative's intentions.

19. The allegations in Paragraph 19 refer to a written document, which speaks for itself. Defendants are otherwise without sufficient information to admit or deny the allegations in Paragraph 19.

20. The allegations in Paragraph 20 refer to a written document, which speaks for itself.

21. The allegations in Paragraph 21 refer to a written document, which speaks for itself. Defendants are otherwise without sufficient information to admit or deny the allegations in Paragraph 21.

22. Denied.

### COUNT I
### DECLARATORY JUDGMENT

23. Defendants incorporate by reference their responses to Paragraphs 1 through 22 of Plaintiff's Verified Complaint.

24. The allegations in Paragraph 24 constitute a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

25. Denied.

26. Denied.

## COUNT II
### DECLARATORY JUDGMENT

27. Defendants incorporate by reference their responses to Paragraphs 1 through 26 of Plaintiff's Verified Complaint.

28. The allegations in Paragraph 28 constitute a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

29. The allegations in Paragraph 29 constitute a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

30. Denied.

31. Denied.

32. Denied.

### PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested in Paragraphs A-G.

### **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The Verified Complaint fails to state a claim on which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches, unclean hands, waiver, and estoppel.

### **THIRD AFFIRMATIVE DEFENSE**

Plaintiff has suffered no damages caused by Defendants or their agents, servicers, or predecessors.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his damages.

1030301\305991470.v1

**FIFTH AFFIRMATIVE DEFENSE**

Defendants complied with all applicable statutes, regulations, case law, judicial precedent, and court orders to which it was subject during the period of time at issue referenced in the Verified Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he is in default under his obligations under the note and mortgage.

**SEVENTH AFFIRMATIVE DEFENSE**

All of Defendants' actions or inactions in proceeding with foreclosure were appropriate by and under the terms of the note and mortgage, and were taken in good faith.

**EIGHTH AFFIRMATIVE DEFENSE**

Any injury sustained by Plaintiff was not the proximate result of any conduct of Defendants, but was caused by acts or omissions of others over whom Defendants had no control or responsibility.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, are attributable to his own conduct for which Defendants are not responsible.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiff failed to satisfy the conditions precedent to bring a claim pursuant to M.G.L. c. 93A.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to amend their Answer to assert additional affirmative defenses.

Respectfully submitted,

Attorneys for Defendants,
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2006 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC3 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-NC3, and PHH MORTGAGE CORPORATION (d/b/a and named as PHH Mortgage Services),

By: Their Attorneys

*/s/ Jordan S. O'Donnell*
Maura K. McKelvey, BBO #600760
Jordan S. O'Donnell, BBO #684001
HINSHAW & CULBERTSON LLP
53 State Street
27th Floor
Boston, MA 02109
Tel: 617-213-7000
Fax: 617-213-7001
mmckelvey@hinshawlaw.com
jodonnell@hinshawlaw.com

Dated: June 22, 2020

## **CERTIFICATE OF SERVICE**

      I, Jordan S. O'Donnell, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 22, 2020.

                              */s/ Jordan S. O'Donnell*
                              Jordan S. O'Donnell