UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN M. HARRINGTON III,<br><br>    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2006 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC3, and PHH MORTGAGE SERVICES,<br><br>    Defendants. | C.A. NO. 1:20-cv-10932-WGY |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL
PLAINTIFF'S INITIAL DISCLOSURES AND DISCOVERY RESPONSES**

## I. INTRODUCTION

Pursuant to Rule 26 and the Court's order, the Initial Disclosures of Plaintiff, John M. Harrington III ("Plaintiff"), were required to be served by October 1, 2020. To date, Plaintiff has not served them on Defendants, Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement dated as of April 1, 2006 Morgan Stanley ABS Capital I Inc. Trust 2006-NC3 Mortgage Pass-Through Certificates Series 2006-NC3 ("Deutsche Bank as Trustee") and PHH Mortgage Corporation (named and doing business as "PHH Mortgage Services") ("PHH," together, "Defendants"). On December 2, 2020, Deutsche Bank as Trustee served its First Request for Production of Documents and First Set of Interrogatories on Plaintiff. Pursuant to Rules 33 and 34, Plaintiff's responses were due within (30) days. To date, Plaintiff has failed to serve responses. Plaintiff's failures are in spite of multiple inquiries from Defendants' counsel. Accordingly, Defendants seek an order from this Court compelling Plaintiff to (i) provide

Initial Disclosures, (ii) responses to Deutsche Bank as Trustee's First Request for Production of Documents, and (iii) responses to Deutsche Bank as Trustee's First Set of Interrogatories, within ten (10) days of the Court's order. Defendants require the requested documents in order to assess whether additional discovery is required and to prepare their defense to Plaintiff's claims.

## II.     BACKGROUND

On September 10, 2020, the Parties filed their Joint Statement Pursuant to Local Rule 16.1 [Doc. 13].[1] It required the Parties to serve Initial Disclosures, as required by Rule 26(a)(1), by October 1, 2020. It also required the Parties to serve written discovery (requests for production of documents, interrogatories, and requests for admissions) no later than December 31, 2021.

On September 30, 2020, Defendants served their Initial Disclosures (*See* **Exhibit 1**) directly on Plaintiff, as he was unrepresented. On December 2, 2020, Deutsche Bank as Trustee served its First Request for Production of Documents (*see* **Exhibit 2**) and First Set of Interrogatories (*see* **Exhibit 3**) on Plaintiff.

To date, Plaintiff has failed to serve his own Initial Disclosures or provide responses to Deutsche Bank as Trustee's discovery requests. As indicated in Defendants' counsel's certification pursuant to Local Rules 7.1(a)(2), 26.2(c), and 37.1(b) filed with Defendants' Motion to Compel, despite numerous inquiries to Plaintiff regarding the status of his discovery responses and a request for a discovery conference, he has failed to indicate when the required documents will be served.

Specifically, Defendants' counsel emailed Plaintiff at the email address provided by his former counsel regarding his Initial Disclosures on October 7, 13, and 21, 2020. Plaintiff did not

---

[1] The day prior to the filing of the Joint Statement, Plaintiff's then-counsel filed a Motion to Withdraw as Counsel [Doc. 12]. Thus, when the Joint Statement was filed on September 10, 2020, Plaintiff was represented by counsel, who signed the Joint Statement on Plaintiff's behalf [Doc. 13]. The Court granted the Motion to Withdraw on September 22, 2020 [Doc. 18]. Since then, no other counsel has appeared on Plaintiff's behalf in this matter.

respond. Counsel also emailed Plaintiff on January 6 and 19, 2021 regarding his Initial Disclosures and responses to Deutsche Bank as Trustee's written discovery requests. Plaintiff again did not respond. Counsel also held a teleconference with Plaintiff on January 11, 2021, but he did not indicate when the overdue disclosures and responses would be provided. Lastly, Defendants' counsel emailed Plaintiff on January 26, 2021, requesting a formal discovery conference pursuant to Local Rule 37.1(b), but Plaintiff did not respond within seven (7) days.

### III.  ARGUMENT

**A.  The Court Should Compel Plaintiff to Serve Initial Disclosures.**

Fed. R. Civ. P. 26(a) requires a party to serve initial disclosures with the information outlined in subsections (1)(A)(i)-(iv). Initial disclosures must be served "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed R. Civ. P. 26(a)(1)(C).

On September 10, 2020, the Parties filed their Joint Statement, pursuant to Local Rule 16.1, which proposed that Initial Disclosures be served by October 1, 2020 [Doc. 13]. The Court adopted the Joint Statement's proposed deadlines on September 16, 2020 [Doc. 16]. However, Plaintiff, without excuse or valid objection to service of Initial Disclosures as outlined in Rule 26(a)(1), and in direct violation of the Court's order, has failed to serve any Initial Disclosures. Plaintiff's failure to serve initial disclosures is not excused by his *pro se* status. *See Dismukes v. Brandeis Univ.*, Civil No. 19-11049-LTS, 2020 U.S. Dist. LEXIS 77927, at *2 (D. Mass. May 4, 2020) (finding party was required to serve initial disclosures and discovery responses, even if court refused to appoint counsel to represent him).

The Court should compel Plaintiff to serve Initial Disclosures, so Defendants can determine the identity of individuals with discoverable information, all relevant documents and other tangible

things in Plaintiff's possession, custody or control, and the nature and amount of Plaintiff's alleged damages. This information is necessary for Defendants to determine what additional discovery is needed—including that of third parties with discoverable information and of Plaintiff himself, including through a possible deposition. Defendants are precluded from adequately preparing their defenses for a dispositive motion or trial without this information.

This information is especially critical because of the broad, fact-intensive, and at times vague nature of Plaintiff's allegations in his Complaint [Doc. 1-1]. Plaintiff seeks a declaratory judgment enjoining a foreclosure of real property, and alleges a violation of Mass. Gen. Laws c. 93A. His allegations date back to at least 2011 (when he obtained a modification of the mortgage loan held by Deutsche Bank as Trustee and serviced by PHH), concern numerous purported written and oral communications between Plaintiffs, Defendants, and a third party referred to as "HSI Trust – HomeSavers, Ltd.," and incorporates documents (which themselves contain additional allegations) recorded in the Middlesex South Registry of Deeds.

Not only are Defendants entitled to the information required to be disclosed in Initial Disclosures, but they require it to proceed with defending themselves in this case.

**B.     The Court Should Compel Plaintiff to Serve Responses to Deutsche Bank as Trustee's First Request for Production of Documents and First Set of Interrogatories**

Fed. R. Civ. P. 33 and 34 require a party to serve responses to requests for production of documents and interrogatories within thirty (30) days of service. Deutsche Bank as Trustee served its First Request for Production of Documents and First Set of Interrogatories on December 2, 2020 (*see* **Exhibits 2 and 3**). More than thirty days have passed, but Plaintiff has not served any responses. "When a party does not adequately respond to requests for discovery the opposing party may move to compel. Fed. R. Civ. P. 37(a)(3)(B)." *Mitri v. Aurora Loan Servs., Llc*, CIVIL ACTION NO. 15-14178-DJC, 2018 U.S. Dist. LEXIS , at *8 (D. Mass. Jan. 2, 2018). Again, a

4

party is required to serve written discovery responses, even when unrepresented by counsel. *See Dismukes*, 2020 U.S. Dist. LEXIS 77927, at *2.

Deutsche Bank as Trustee's requests seek, among other things, information regarding Plaintiff's allegations discussed above. Responses to its discovery requests are necessary for Deutsche Bank as Trustee to prepare its defense. As such, the Court should compel Plaintiff to respond to all outstanding written discovery requests.

## IV.     **CONCLUSION**

Plaintiff has undeniably violated the Federal Rules of Civil Procedure by failing to serve Initial Disclosures or responses to written discovery requests. As Plaintiff has failed to otherwise explain or justify this failure, the Court should compel him to serve the required discovery documents within ten (10) days of its order.

1030301\307397230.v1

Respectfully submitted,

Attorneys for Defendants,
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2006 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC3 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-NC3, and PHH MORTGAGE CORPORATION (d/b/a and named as PHH Mortgage Services),

By: Their Attorneys

*/s/ Jordan S. O'Donnell*
Maura K. McKelvey, BBO #600760
Jordan S. O'Donnell, BBO #684001
HINSHAW & CULBERTSON LLP
53 State Street
27th Floor
Boston, MA 02109
Tel: 617-213-7000
Fax: 617-213-7001
mmckelvey@hinshawlaw.com
jodonnell@hinshawlaw.com

Dated: February 4, 2021

**CERTIFICATE OF SERVICE**

      I, Jordan S. O'Donnell, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 4, 2021 at the address below:

John M. Harrington III
5 Sheffield West
Winchester, MA 01890

                                            */s/ Jordan S. O'Donnell*
                                              Jordan S. O'Donnell