**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOHN M. HARRINGTON III,<br><br>      Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2006 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC3, and PHH MORTGAGE SERVICES,<br><br>      Defendants. | C.A. NO. 1:20-cv-10932-WGY |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER
PENDING ORDER ON DEFENDANTS' MOTION TO COMPEL**

## I. INTRODUCTION

The Court should amend its Scheduling Order to permit Defendants, Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement dated as of April 1, 2006 Morgan Stanley ABS Capital I Inc. Trust 2006-NC3 Mortgage Pass-Through Certificates Series 2006-NC3 ("Deutsche Bank as Trustee") and PHH Mortgage Corporation (named and doing business as "PHH Mortgage Services") ("PHH," together, "Defendants"), additional time to complete discovery and file a dispositive motion, following its order on Defendants' Motion to Compel Plaintiff, John M. Harrington III's ("Plaintiff"), Initial Disclosures and responses to Deutsche Bank as Trustee's First Request for Production of Documents and First Set of Interrogatories. After Plaintiff's failure to timely serve disclosures or discovery responses, Defendants moved to compel, which Plaintiff has not opposed. However, as the present deadlines to complete fact discovery are approaching and Defendants require written discovery to prepare

for and conduct depositions and any remaining fact discovery, the Court should amend the Scheduling Order so that Defendants will not be prejudiced by Plaintiff's violations of the Rules of Civil Procedure.

## II. BACKGROUND

As noted in Defendants' Motion to Compel, Plaintiff was required to serve Initial Disclosures by October 1, 2020. To date, he has not done so. Deutsche Bank as Trustee also served its First Request for Production of Documents and First Set of Interrogatories on Plaintiff on September 30, 2020. To date, Plaintiff has not served any responses. Therefore, on February 4, 2021, Defendants filed their Motion to Compel Plaintiff's Initial Disclosures and Discovery Responses [Doc. 19]. Plaintiff has not filed any opposition. The Motion remains pending.

The Court's Scheduling Order, which adopts the parties' Joint Proposed Case Management Schedule, requires non-expert depositions to be completed by March 25, 2021 and all fact discovery by April 8, 2021 [Docs. 13, 16-17]. It also requires dispositive motions to be filed by May 6, 2021 if no experts are disclosed, or by June 24, 2021, if experts are utilized. Defendants request sixty (60) days from the Court's order on its Motion to Compel to complete fact discovery, including non-expert depositions. It also seeks an additional thirty (30) days after the revised discovery deadline to file dispositive motions.

The Scheduling Order also requires disclosure of expert witnesses of April 21, 2021 (for Plaintiff) and May 13, 2021 (for Defendants), depositions of expert witnesses by May 13, 2021 (for Plaintiff's expert(s)), and May 27, 2021 (for Defendant's expert(s)), and a dispositive motion deadline of June 24, 2021, if experts are disclosed. Defendants do not request any changes to these deadlines.

2

## III. ARGUMENT

A. **Standard for Amending Scheduling Order.**

"A scheduling order should not be modified except upon a showing of 'good cause' and by 'leave of the district judge,' Fed. R. Civ. P. 16(b)…" *Cabana v. Forcier*, 200 F.R.D. 9, 15 (D. Mass. 2001). "The good cause test requires that the deadline in the scheduling order may not reasonably be met, despite the diligence of the party seeking the extension. The requirements of good cause are more liberal than a 'manifest injustice' or a 'substantial hardship' test." *Id.* (*quoting Tele-Connections, Inc. v. Perception Technology Corp.*, 1990 U.S. Dist. LEXIS 15507, 1990 WL 180707, at *1 (D. Mass. Nov. 5, 1990).

B. **Good Cause Exists to Amend the Scheduling Order Pending the Court's Decision on Defendants' Motion to Compel.**

Here, Defendants have complied with all discovery requirements and deadlines, timely serving their own Initial Disclosures and written discovery requests to Plaintiff. Unfortunately, Plaintiff has not engaged in discovery, failing to serve his own Initial Disclosures or any responses to Deutsche Bank as Trustee's written requests. Defendants promptly filed a Motion to Compel after efforts to confer with Plaintiff were unsuccessful. Although Plaintiff did not oppose that motion, it remains pending.

Defendants seek these written discovery responses to identify proper deponents and prepare for any depositions. Without Initial Disclosures, for example, Defendants do not know who Plaintiff identifies as persons with knowledge relevant to his claims. Defendants also lack documents and interrogatory answers, which would provide insight into Plaintiff's claims, in turn informing Defendants' defenses and areas of examination at depositions. Without an extension of the fact discovery deadline, Defendants would be required to conduct depositions without the

3

benefit of Plaintiff's basic discovery materials, due to no fault of their own. Moreover, Defendants would be unable to adequately prepare a dispositive motion without a complete factual record.

The requested amendment to the Scheduling Order is of minimal disruption. It only briefly delays the completion of fact discovery and filing of dispositive motions (if no experts are utilized) pending the Court's decision. Defendants do not anticipate any further amendments to the Scheduling Order.

## IV.     CONCLUSION

Plaintiff's violations of the Rules of Civil Procedure have severely disadvantage Defendants. The Court should amend the Scheduling Order by extending the deadline to complete all fact discovery, including non-expert depositions, to sixty (60) days after the Court's order on Defendants' Motion to Compel, and extending the deadline for dispositive motions to thirty (30) days after the revised discovery deadline.

1030301\307397230.v1

Respectfully submitted,

Attorneys for Defendants,
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2006 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC3 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-NC3, and PHH MORTGAGE CORPORATION (d/b/a and named as PHH Mortgage Services),


By: Their Attorneys


*/s/ Jordan S. O'Donnell*
Maura K. McKelvey, BBO #600760
Jordan S. O'Donnell, BBO #684001
HINSHAW & CULBERTSON LLP
53 State Street
27th Floor
Boston, MA 02109
Tel: 617-213-7000
Fax: 617-213-7001
mmckelvey@hinshawlaw.com
jodonnell@hinshawlaw.com

Dated: March 16, 2021

**CERTIFICATE OF SERVICE**

      I, Jordan S. O'Donnell, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 16, 2021 at the address below:

John M. Harrington III
5 Sheffield West
Winchester, MA 01890

                                        */s/ Jordan S. O'Donnell*
                                        Jordan S. O'Donnell